

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-20-2006

# Worthy v. NJ State Parole Bd

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2634

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Worthy v. NJ State Parole Bd" (2006). *2006 Decisions*. Paper 871.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/871

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-2634
_____

EMMITT WORTHY, III,
<u>Appellant</u>
vs.

N.J. STATE PAROLE BOARD;
WILLIAM T. MCCARGO, Chairman;
JOHN D'AMICO, Chairman;
EDWARD J. OSKAY, Chief Appeals Unit;
ROBERT M. EGLES, Hearing Officer;
GAIL SUPERS, Supervisor District #8;
DAVID SOLTIS, Supervisor District #8;
LAURIE HOAGLAND, Parole Officer;
JOHN MCCAFFERY, Parole Officer
JOHN DOE, Joe Doe Hearing Officers

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 05-cv-01905)
District Judge: Honorable Robert B. Kugler

_____

Submitted Under Third Circuit LAR 34.1(a)
June 16, 2006
Before: FISHER, ALDISERT AND WEIS, <u>CIRCUIT JUDGES</u>

Filed June 20, 2006

_____

OPINION

_____

PER CURIAM.

Emmitt Worthy, III, filed suit against the New Jersey State Parole Board and parole officials. As the parties are familiar with the facts, we will not describe them in great detail. In sum, Worthy alleged various procedural irregularities during his parole revocation proceedings. For instance, he claimed that he was deprived of the right to face his accuser, the parole officer who claimed that he had violated the conditions of his parole; that he was not provided with the evidence used against him in the parole revocation proceeding; and that he faced a hearing officer who was not impartial. He also alleged that Defendants did not hold a final revocation hearing or allow him to appeal the parole revocation decision. In addition, he contended that the decision to revoke his parole prejudiced his ability to be paroled later. Worthy did not seek release from prison. Instead, he sought damages and injunctive relief, including, in the latter category, a declaration that parole officials violated his constitutional rights, and an injunction that officials henceforth provide all required due process protections to parolees.

The District Court dismissed Worthy's complaint for failure to state a claim, holding that success on his claims would imply the invalidity of his custody, and citing Preiser v. Rodriguez, 411 U.S. 475 (1973), Heck v. Humphrey, 512 U.S. 477 (1994), and Edwards v. Balisok, 520 U.S. 641 (1997).[1] Worthy appeals.

_____

[1] Although the District Court characterized the dismissal of Worthy's suit as "without prejudice" in its order, it concluded that Worthy could not amend because his claims remained premature until the parole revocation decision was invalidated. Therefore,

2

In large part, the District Court ruled correctly. In Wilkinson v. Dotson, 544 U.S. 74 (2005), the Supreme Court examined the evolution of its jurisprudence from Preiser to Balisok. The Supreme Court held that the cases, taken together, stand for the following proposition:

> [A] state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.

Wilkinson, 544 U.S. Ct. at 81-82. Insomuch as Worthy sought relief for alleged due process deprivations that infected the parole revocation proceedings, success on his claims, and a concomitant award of damages or declaration of unconstitutionality, would imply that his continued confinement on the basis of his revoked parole was invalid.[2] Therefore, the District Court properly dismissed most of Worthy's claims.

However, to the extent that Worthy sought an injunction requiring all parole officials in the future to use proper procedures during parole revocation proceedings, he made a claim for future relief that would not imply the invalidity of his parole revocation. Accordingly, his claim for prospective relief was not "Heck-barred." See Wilkinson, 544 U.S. at 81 (concluding that a prisoner's claim for an injunction barring future

---

Worthy appeals from a final order. See 28 U.S.C. § 1291; Borelli v. Reading, 532 F.2d 950, 951-52 (3d Cir. 1976) (noting that if a plaintiff cannot amend, an order dismissing without prejudice is final and immediately appealable).

[2] Worthy has since been released from prison upon the expiration of his maximum term of imprisonment.

unconstitutional procedures ordinarily does not necessarily imply the invalidity of continuing custody); Spencer v. Kemna, 523 U.S. 1, 17 (1998); Wolff v. McDonnell, 418 U.S. 539, 555 (1974). Nonetheless, we will affirm the dismissal of Worthy's claims for prospective injunctive relief on alternative jurisdictional grounds. See Erie Telecomms. v. Erie, 853 F.2d 1084, 1089 (3d Cir. 1988) ("An appellate court may affirm a correct decision by a lower court on grounds different than those used by the lower court in reaching its decision."); see also Desi's Pizza, Inc. v. Wilkes-Barre, 321 F.3d 411, 420 (3d Cir. 2003) (describing the continuing obligation of a federal court to evaluate subject-matter jurisdiction).

To the extent that Worthy seeks an injunction requiring prison officials to afford him all appropriate due process protections[3] in a future parole eligibility hearing, his claim is moot, in part. During the pendency of this appeal, Worthy was released from prison after serving his maximum sentence. As he is no longer on parole, he has no

---

[3] A parolee must be afforded, at minimum, the following due process protections in parole revocation proceedings:

> (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a "neutral and detached" hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole.

Morrissey v. Brewer, 408 U.S. 471, 489 (1972).

future revocation hearing.[4]  Therefore, his claim is moot to the extent that we cannot grant any effective relief to him.  See General Electric Co. v. Cathcart, 980 F.2d 927, 934 (3d Cir. 1981) ("'Generally, an appeal will be dismissed a moot when events occur during [its] pendency . . . which prevent the appellate court from granting any effective relief.'")

Furthermore, Worthy otherwise has no standing to bring his claim for prospective injunctive relief.[5]  He cannot show that he faces a realistic threat from the future application of parole revocation policies.  See City of Los Angeles v. Lyons, 461 U.S. 95, 106 n.7, 108 (1983).  Without formally proceeding as a representative of a class, see, e.g., Wolff v. McDonnell, 418 U.S. 539, 553 (1974), Worthy also cannot seek relief for third parties.  See Warth v. Seldin, 422 U.S. 490, 499 (1975) (holding that a plaintiff "cannot rest his claim on the rights or interests of third parties" or merely assert a harm that is a generalized grievance "shared in substantially equal measure by all or a large class of citizens").  Furthermore, amendment of Worthy's complaint to bring his claim for injunctive relief as a class action would be futile, because Worthy is no longer a member of the class he wishes to represent.  See Schlesinger v. Reservists Comm. to Stop the War, 418 U.S. 208, 216 (1974).

In sum, the District Court correctly concluded that Worthy's claims for

---

[4] We take notice of the state record of Worthy as a released, not paroled, prisoner. See https://www6.state.nj.us/DOC_Inmate/inmatesearch.jsp (submit Worthy as last name and male as sex to obtain record).

damages and a declaration of unconstitutionality relating to parole revocation proceedings are "Heck-barred." Furthermore, the doctrines of standing and mootness preclude consideration of Worthy's remaining claims for prospective injunctive relief.

Accordingly, the District Court's order will be affirmed.